HALL, Judge.
Plaintiff’s action for personal injuries arising out of a two-vehicle highway accident was dismissed by the district court on a finding that plaintiff’s negligence contributed to the accident, barring his recovery. Plaintiff appeals and this court affirms.
Plaintiff testified he was driving his employer’s egg truck south on the highway with a school bus followed by a white pickup truck in front of him. He had been following the other vehicles for about a mile and a half at a speed of about 45 miles per hour. The school bus slowed down to turn right and the pickup truck applied its brakes. Plaintiff testified he was about one and one-half car lengths behind the pickup truck and did not think he had time to stop. He put on his left turn blinker light and turned into the left-hand lane. At this point he looked in the rear view mirror and saw the defendant’s truck, also proceeding south, about a quarter of a mile behind him. Plaintiff then decided that he did have time to stop, put on his right turn blinker light and turned back into the right-hand lane. Plaintiff testified he was going very slowly and had almost stopped when he was hit from the rear by the defendant’s truck. Plaintiff did not look in his rear view mirror again or observe the truck in any manner between his initial lane change and the collision.
The defendant’s driver testified he was driving his employer’s eighteen wheeler truck loaded with fertilizer in a southerly direction. As he topped the hill he saw the right turning school bus and two following trucks. He put on his left turn blinker and moved into the left-hand lane and proceeded at a speed of about 45 miles per hour. The driver testified plaintiff made a sudden change of lanes into the left-hand or passing lane and he was unable to avoid striking the rear of plaintiff’s truck.
Plaintiff’s truck ended up overturned in the ditch on the right-hand side of the road.
The trial court, in oral reasons transcribed at the conclusion of the trial, found that plaintiff was negligent in following too close behind the vehicles in front of him and in changing lanes without making proper observation. The trial court also found that the defendant truck driver was negligent in following too close, but denied recovery based on plaintiff’s contributory negligence. The trial court did not make a specific finding as to whether the impact occurred in the left-hand or passing lane as claimed by defendant or in the right-hand lane as claimed by plaintiff.
There is no manifest error in the finding of the trial court. The most reasonable conclusion, particularly in view of plaintiff’s own testimony, is that plaintiff’s negligence in following too close, which made him fearful that he could not stop in *68 time to avoid hitting the truck in front of him and caused him to change lanes, was a contributing cause of the accident. Regardless of which lane the accident happened in, plaintiff’s negligence in following too close and in changing lanes without proper observation was a contributing cause of the accident.
Plaintiff argues that the fact that his truck ended up in the right-hand ditch after the accident supports a finding that the impact occurred in the right-hand lane. The force of the impact could have caused plaintiff’s truck to go right regardless of which lane his automobile was in at the time of the impact.
Plaintiff argues that defendant’s version of the accident could not be correct because of the times and distances involved. Regardless of whether defendant’s version is correct, plaintiff’s own negligence was a contributing cause of the accident.
Plaintiff argues that the defendant truck driver had the last clear chance to avoid the accident. Whether the impact occurred after plaintiff changed to the left-hand lane or after he changed back to the right-hand lane, the evidence does not support a finding that the truck driver had a reasonable opportunity to avoid the collision after plaintiff’s change of lanes.
Plaintiff argues the presumption of negligence on the part of the driver of a vehicle which runs into the rear end of another vehicle. Regardless of this presumption and the negligence of the defendant truck driver, the evidence in this case establishes negligence on the part of plaintiff which also contributed to the accident.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.